# EXHIBIT A

| | |
|---|---|
| LINA CHARRY [SBN # 281508]<br>2815 Camino Del Rio S., Suite 124<br>San Diego, CA 92108<br>Tel. (619) 820-6699<br>Fax. (619) 996-6899<br>E-mail linacharry@gmail.com | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**04/22/2021** at 05:52:00 PM<br>Clerk of the Superior Court<br>By Marc David, Deputy Clerk |

Attorneys for Plaintiff Christopher Jabo

## CALIFORNIA SUPERIOR COURT
## COUNTY OF SAN DIEGO – CENTRAL DIVISION

| | |
|---|---|
| Christopher Jabo, an individual,<br><br>   Plaintiff,<br><br>v.<br><br>Kambakhsh Jebreil aka Kam Jebreil, an individual and dba Diamond Dental Studio fka Diamond Dental Studio Practice of Jebreil; Kam Jebreil, D.M.D., Incorporated, a California Dental corporation; Henry T. Tran D.D.S., Inc., a California corporation; Henry Tran, D.D.S., A Professional Dental Corp., a California corporation; Henry Tran, an individual and dba West Coast Dentistry Dental Office of Dr. Henry Tran; Western Dental Services, Inc., a California corporation; Ofelia Banzon Rivera, an individual; Coast Dental Management Lakewood, LLC, a Delaware Limited Liability company and dba Smilecare Coast Dental of California aka Coast Dental; Coast Dental Management Services, LLC, a Florida Limited Liability company (Florida); Vista Community Clinic, a California corporation; Shannon Lynn Jardina fka Shannon Lynn Kleinhandler, an individual; Bridget | Case No. 37-2020-00017510-CU-PO-CTL<br><br>Unlimited Civil; Demand over $25,000<br><br>Second Amended Complaint for Damages<br>1. Dental Malpractice-General Negligence & Professional Negligence<br>2. Product Liability (3 Counts) |

SECOND AMENDED COMPLAINT     - 1 –

Ann Maniscalco, an individual and )
DOES 1 to 100, inclusive, )
)
       Defendants. )
)

Plaintiff CHRISTOPHER JABO ("Plaintiff"), complains and alleges as follows:

## PARTIES

1. Plaintiff is an individual currently residing in San Diego County, California.

2. Plaintiff is informed and believes, and on that basis alleges, Defendant KAMBAKHSH JEBREIL AKA KAM JEBREIL, an individual and dba DIAMOND DENTAL STUDIO FKA DIAMOND DENTAL STUDIO PRACTICE OF JEBREIL is, and at all times herein mentioned was, a dentist duly licensed to practice his profession and is practicing his profession in San Diego County, California.

3. Plaintiff is informed and believes, and on that basis alleges, Defendant KAM JEBREIL, D.M.D., INCORPORATED, a California corporation is, and at all times herein mentioned was, a Dental corporation incorporated in the state of California with its principal place of business at 3870 Mission Avenue, Suite D4, Oceanside, California 92058 San Diego County, California.

4. Defendants Kambakhsh Jebreil aka Kam Jebreil and dba Diamond Dental Studio fka Diamond Dental Studio Practice of Jebreil and Kam Jebreil, D.M.D., Incorporated are hereinafter collectively referred to as "Jebreil."

5. Plaintiff is informed and believes, and on that basis alleges, Defendant HENRY T. TRAN D.D.S., INC., a California corporation is, and at all times herein mentioned was, a Dental corporation incorporated in the state of California with its principal place of business at 4616 El Cajon Blvd, Suite 8, San Diego, California 92115 San Diego County, California.

SECOND AMENDED COMPLAINT        −2−

6. Plaintiff is informed and believes, and on that basis alleges, Defendant HENRY TRAN, D.D.S., INC., A PROFESSIONAL DENTAL CORP., a California corporation is, and at all times herein mentioned was, a Dental corporation incorporated in the state of California with its principal place of business at 4616 El Cajon Blvd, Suite 8, San Diego, California 92115 San Diego County, California.

7. Plaintiff is informed and believes, and on that basis alleges, Defendant HENRY TRAN, an individual and dba WEST COAST DENTISTRY DENTAL OFFICE OF DR. HENRY TRAN is, and at all times herein mentioned was, a dentist duly licensed to practice his profession and is practicing his profession in San Diego County, California.

8. Plaintiff is informed and believes, and on that basis alleges, Defendant WESTERN DENTAL SERVICES, INC.,HENRY TRAN, D.D.S., a California corporation is, and at all times herein mentioned was, a Dental corporation incorporated in the state of California with its principal place of business at 530 South Main Street, Suite 600, Orange, California 92115 Orange County, California.

9. Plaintiff is informed and believes, and on that basis alleges, Defendant OFELIA BANZON RIVERA, an individual is, and at all times herein mentioned was, a dentist duly licensed to practice his profession and is practicing his profession in San Diego County, California.

10. Plaintiff is informed and believes, and on that basis alleges, Defendant COAST DENTAL MANAGEMENT LAKEWOOD, LLC, a Delaware limited liability company and dba SMILECARE COAST DENTAL OF CALIFORNIA AKA COAST DENTAL is, and at all times herein mentioned was, a Dental corporation incorporated in the state of California with its principal place of business at 5706 Benjamin Center Drive, Suite 103, Tampa Florida 33634 Hillsborough County, Florida.

SECOND AMENDED COMPLAINT — 3 —

11. Plaintiff is informed and believes, and on that basis alleges, Defendant COAST DENTAL MANAGEMENT SERVICES, LLC, a Florida limited liability company is, and at all times herein mentioned was, a Dental corporation incorporated in the state of California with its principal place of business at 5706 Benjamin Center Drive, Suite 103, Tampa Florida 33634 Hillsborough County, Florida.

12. Plaintiff is informed and believes, and on that basis alleges, Defendant VISTA COMMUNITY CLINIC, a California corporation is, and at all times herein mentioned was, a Dental corporation incorporated in the state of California with its principal place of business at 630 Alta Vista Drive, Vista, California 92084 San Diego County, California.

13. Plaintiff is informed and believes, and on that basis alleges, Defendant SHANNON LYNN JARDINA fka SHANNON LYNN KLEINHANDLER, an individual is, and at all times herein mentioned was, a dentist duly licensed to practice his profession and is practicing his profession in San Diego County, California.

14. Plaintiff is informed and believes, and on that basis alleges, Defendant BRIDGET ANN MANISCALCO, an individual is, and at all times herein mentioned was, a dentist duly licensed to practice his profession and is practicing his profession in San Diego County, California.

15. Defendants Henry T. Tran D.D.S., Inc., a California corporation, Henry Tran, D.D.S., A Professional Dental Corp., a California corporation, Henry Tran, an individual and dba West Coast Dentistry Dental Office of Dr. Henry Tran and Western Dental Services, Inc., a California corporation are hereinafter collectively referred to as "Tran."

16. Defendants Ofelia Banzon Rivera, an individual, Coast Dental Management Lakewood, LLC, a Delaware Limited Liability company and dba Smilecare Coast Dental of California aka Coast Dental and Coast Dental Management Services, LLC,

SECOND AMENDED COMPLAINT         — 4 —

a Florida Limited Liability company (Florida) are hereinafter collectively referred to as "Coast Dental."

17. Defendants Vista Community Clinic, a California corporation, Shannon Lynn Jardina fka Shannon Lynn Kleinhandler, an individual and Bridget Ann Maniscalco, an individual are hereinafter collectively referred to as "Vista Clinic."

18. Plaintiff is informed and believes, and on that basis alleges, at all times herein mentioned each of the above-named Defendants were the agent and employee of the other and in doing the things herein alleged was acting within the scope of such agency.

19. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-100 ("DOE Defendants"), inclusive, and has therefore sued them by the foregoing names which are fictitious. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is negligently responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by such negligence.

20. Plaintiff is informed and believes, and on that basis alleges, that at all times relevant herein Jebreil, Tran, Coast Dental, Vista Clinic and the DOE Defendants (collectively, "Defendants") were and are agents or employees of each of the remaining Defendants, and were, in performing the acts complained of herein, acting within the scope of such agency or employment.

21. DOE Defendants are persons whose capacities are unknown to Plaintiff.

## JURISDICTION AND VENUE

22. Plaintiff has commenced this action by filing a complaint in the San Diego County Superior Court-Central Division.

23. Jurisdiction and venue are proper in this Court as the injury alleged by Plaintiff occurred in this Court's jurisdictional area and the principal place of business and location of Defendant's is in this Court's jurisdictional area.

SECOND AMENDED COMPLAINT        - 5 —

## GENERAL ALLEGATIONS

### (Facts Common to All Counts)

24. Plaintiff realleges and incorporates by reference each and every allegation of the proceeding paragraphs as if fully set forth herein.

25. Plaintiff received dental services by Jebreil between April 26, 2006 through June 30, 2008 in Oceanside, San Diego County, California. During that period of time, Jebreil maintained dental offices and held himself out to the public as a competent and skilled dentist. Relying on Jebreil's skill and competency in dentistry, Plaintiff employed him to conduct a root canal procedure to tooth #30.

26. During the procedure, one of the equipment/devices being used by Jebreil malfunctioned and/or was not used in its intended fashion causing it to break apart in Plaintiff's mouth. As a result, a foreign body with no diagnostic or therapeutic purpose was left in Plaintiff's root without his knowledge and without his consent.

27. Jebreil failed to notify Plaintiff of any errors in the procedure or any defects/malfunctions in the equipment with which he was using. Jebreil failed to take X-rays during or after the procedure to confirm that he had removed all foreign bodies. Jebreil failed to take post-operative X-rays to make the same confirmation. Instead, Jebreil continued with the procedure.

28. Following the procedure, when Plaintiff presented to Jebreil complaining of pain in the same region as tooth #30, Jebreil told Plaintiff, "too bad" and ignored his calls thereafter.

29. Between October 27, 2009 and June 21, 2010, Plaintiff presented to Tran for multiple dental procedures in San Diego, California. During that period of time, Tran maintained dental offices and held himself out to the public as a competent and skilled dentist. Relying on Tran's skill and competency in dentistry, Plaintiff employed him to examine and treat tooth #30 on at least five different occasions.

SECOND AMENDED COMPLAINT — 6 —

30. On multiple occasions, Plaintiff complained of pain in tooth #30 to Tran. Tran failed to properly diagnose, examine and discover the foreign objects present in tooth #30. Indeed, Tran informed Plaintiff that the root canal he had received by Jebreil was poor enough that he would rate it a "C-." Instead, Plaintiff was continuously prescribed, advised and encouraged to floss aggressively and to take pain medication and antibiotics.

31. From December 12, 2016 through January 9, 2017, Plaintiff presented to Coast Dental for treatment of pain and infection from tooth #30 in Vista, California. During that period of time, Coast Dental maintained dental offices and held itself out to the public as a competent and skilled dentist. Relying on Coast Dental's skill and competency in dentistry, Plaintiff employed it to examine and treat tooth #30.

32. Plaintiff completed a Dental History form for Coast Dental reporting the extreme pain and discomfort that tooth #30 was causing him in addition to verbalizing the same to Coast Dental. Despite this information, Coast Dental failed to properly diagnose, examine and discover the foreign objects present in tooth #30 that were causing Plaintiff's pain, discomfort and infections. Instead, Plaintiff was continuously prescribed, advised and encouraged to take pain medication and antibiotics.

33. On or about April 22, 2019 and April 23, 2019, Plaintiff presented to Vista Clinic with complaints and infections related to tooth #30 in Vista, California. During that period of time, Vista Clinic maintained dental offices and held itself out to the public as employing competent and skilled dentists. Relying on Vista Clinic's dentists skill and competency in dentistry, Plaintiff employed them to examine and treat tooth #30.

34. Vista Clinic failed to properly diagnose, examine and discover the foreign objects present in tooth #30 that were causing Plaintiff's pain, discomfort and infections. Instead, Plaintiff was continuously prescribed, advised and encouraged to take pain medication and antibiotics.

SECOND AMENDED COMPLAINT               -7-

35. It was not until May 2019 that Plaintiff learned, through yet another dentist, that the cause of his pain, discomfort and infections for the prior 11+ years was a result of metal foreign bodies left in his roots during his initial root canal.

36. Since a year following the date of Plaintiff's initial surgery with Jebreil, through May 2019, Plaintiff has been handicapped and paralyzed from the side effects of the foreign object in his gums. Plaintiff has spent the last 11+ years experiencing pain so excruciating that it has caused his face and jaw to go numb from paresthesia. The amount of pain has been so great that Plaintiff has led a quasi-sedentary life compared to how he would have preferred to have lived his 20's. Plaintiff found himself forming habits such as constantly holding his face with his hand from pain in addition to relying on pain killers to numb the unbearable pain. The headaches that followed Plaintiff through his every day young life were unexplainable.

37. Plaintiff's injuries diminished his enjoyment of life. It impacted every facet of his life. Any decision that he made in his life relied on the amount of pain he was experiencing. In fact, Plaintiff tried to avoid large gatherings and social events to the best extent that he could because it was excruciating to be able to talk. These impairments have, in turn, caused Plaintiff to live with a permanent disability for 11+ years that affected his ordinary, social and professional lifestyles. It has interfered with his speech mobility, hindered his ability to eat/chew food and/or drink liquids, and compromised his ability to shave, kiss…etc.

38. Defendant's failure to properly examine, diagnose and treat Plaintiff diminished his enjoyment of life in turn causing him to suffer mental and emotional distress. This, despite whether or not the Defendant's acts and omissions were intentional.

39. This action seeks to redress Defendants' gross violations of their obligations to Plaintiff as their patient.

## FIRST CAUSE OF ACTION

SECOND AMENDED COMPLAINT — 8 —

## DENTAL MALPRACTICE (General and Professional Negligence)
## (As Against All Defendants)

40. Plaintiff realleges and incorporates by reference each and every allegation of the preceding paragraphs as if fully set forth herein.

41. Defendants, and each of them, themselves, and by and through their agents, employees or contractors, are required to have and to use that degree of learning and skill ordinarily possessed by dentists of good professional reputation practicing in the vicinity.

42. Upon information and belief, Defendants, and each of them, themselves, and by and through their agents, employees or contractors, breached each of their duties described in the preceding paragraph, by, among other things, the aforementioned:

43. Defendants negligently examined, diagnosed, and treated Plaintiff's tooth #30 in that Jebreil failed to remove the foreign object and each of the remaining Defendants failed to diagnose, examine, identify and remove the foreign object.

44. In addition, Jebreil was negligent in his use of the dental product.

45. As a proximate result of the Defendant's negligence, Plaintiff suffered extreme pain, numbness, inability to speak, eat or drink with pain amongst other injuries.

46. As a further proximate result of the Defendant's negligence, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his person, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical, and nervous pain and suffering. As a result of these injuries, plaintiff has suffered general damages.

47. As a further proximate result of Defendant's negligence, Plaintiff has been damaged in that he has been required to expend money and incur obligations for medical services, X-rays, drugs, and sundries reasonably required in the treatment and relief of his injuries.

SECOND AMENDED COMPLAINT                                    -9-

48. As a further proximate result of Defendant's negligence, Plaintiff's earning capacity has been greatly impaired, both in the past and present.

49. The failure to address Plaintiff's complaints and concerns by conducting proper examinations to diagnose the actual cause was reckless, intentional, callous, and a gross and disgraceful violation of the applicable standard of care. Defendant's failure to properly investigate the injuries and provide Plaintiff with his options and create a treatment protocol and algorithm for identifying the foreign object is gross dental negligence.

50. As a direct result of Defendant's deviation from the standard duty of care, Plaintiff suffered unnecessary and avoidable permanent injuries.

## SECOND CAUSE OF ACTION
## PRODUCT LIABILITY
### (As Against All DOE Defendants)

51. Plaintiff realleges and incorporates by reference each and every allegation of the preceding paragraphs as if fully set forth herein.

52. DOE Defendants, and each of them, themselves, and by and through their agents, employees or contractors, are required to have and to use that degree of learning and skill ordinarily possessed by dental product manufacturers, sellers and designers.

53. Plaintiff was injured by the dental instrument created, manufactured, designed, tested, used by, purchased by and sold by DOES 1 to 100 became defective while being used on him by Jebreil causing it to break into pieces while in Plaintiff's mouth.

54. Each of the DOE Defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each DOE Defendant. The product at the time of injury was being used in the manner intended and/or expected y DOE Defendants.

55. Plaintiff was a user of the product by virtue of the fact that Jebreil was using it on him.

56. COUNT ONE: Strict liability as to each DOE Defendant who manufactured or assembled the product, designed and manufactured component parts supplied to the manufacturer and/or sold the product to the public aka Jebreil.

57. COUNT TWO: Negligence as to DOE Defendants who owed a duty to Plaintiff.

58. COUNT THREE: Breach of Warranty as to DOE Defendants who breached an implied warranty.

59. As a proximate result of the DOE Defendant's negligence, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his person, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical, and nervous pain and suffering. As a result of these injuries, Plaintiff has suffered general damages.

WHEREFORE, Plaintiff prays for judgment against Defendants [and each of them] as follows:

1. For general damages according to proof;

2. For medical and related expenses according to proof;

3. For costs of suit herein incurred;

4. For loss of earnings according to proof; and

5. For such other and further relief as the court may deem proper.

Date: April 20, 2021

/S/ LINA CHARRY, ESQ.
LINA CHARRY, Esq.
Attorney for Plaintiff

SECOND AMENDED COMPLAINT — 11 —

| | POS-050/EFS-050 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO: 281,508<br>NAME: LINA CHARRY, ESQ.<br>FIRM NAME: LAW OFFICES OF LINA CHARRY<br>STREET ADDRESS: 2815 CAMINO DEL RIO SOUTH, STE 124<br>CITY: SAN DIEGO   STATE: CA   ZIP CODE: 92108<br>TELEPHONE NO.: 619.820.6699   FAX NO.: 619.996.6899<br>E-MAIL ADDRESS: LINACHARRY@GMAIL.COM<br>ATTORNEY FOR (name): PLAINTIFF | FOR COURT USE ONLY<br><br>ELECTRONICALLY FILED<br>Superior Court of California,<br>County of San Diego<br>**04/22/2021** at 05:52:00 PM<br><br>Clerk of the Superior Court<br>By Marc David, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 WEST BROADWAY<br>MAILING ADDRESS: Same as Above<br>CITY AND ZIP CODE: SAN DIEGO 92101<br>BRANCH NAME: CENTRAL DIVISION | |
| PLAINTIFF/PETITIONER: CHRISTOPHER JABO | CASE NUMBER:<br>37-2020-00017510 |
| DEFENDANT/RESPONDENT: KAMBAKHSH JEBREIL, et al. | JUDICIAL OFFICER:<br>HON. TIMOTHY TAYLOR |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>DEPT. 72 |

1. I am at least 18 years old.
   a. My residence or business address is (specify):
      2815 CAMINO DEL RIO SOUTH, STE 124
      SAN DIEGO, CALIFORNIA 92108

   b. My electronic service address is (specify):
      LINACHARRY@GMAIL.COM

2. I electronically served the following documents (exact titles):
   PLAINTIFF'S SECOND AMENDED COMPLAINT

   ☐ The documents served are listed in an attachment. (Form POS-050(D)/EFS-050(D) may be used for this purpose.)

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served: ROBERT W. HARRISON

      On behalf of (name or names of parties represented, if person served is an attorney):
      SEE ATTACHMENT A

   b. Electronic service address of person served:
      ROBERT.HARRISON@WILSONELSER.COM

   c. On (date): April 22, 2021

      ☐ The documents listed in Item 2 were served electronically on the persons and in the manner described in an attachment.
      (Form POS-050(P)/EFS-050(P) may be used for this purpose.)

Date: 4.22.2021

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Lina Charry, Esq.                                          ▶ /S/ LINA CHARRY, ESQ.
(TYPE OR PRINT NAME OF DECLARANT)                              (SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov

MC-025

| SHORT TITLE: Christopher Jabo v. Kambakhsh Jebreil, et al. | CASE NUMBER: 37-2020-00017510-CU-PO-CTL |
|---|---|

**ATTACHMENT** (Number): A

*(This Attachment may be used with any Judicial Council form.)*

Kambakhsh Jebreil aka Kam Jebreil, an individual and dba Diamond Dental Studio fka Diamond Dental Studio Practice of Jebreil; Kam Jebreil, D.M.D., Incorporated, a California Dental corporation; Henry T. Tran D.D.S., Inc., a California corporation; Henry Tran, D.D.S., A Professional Dental Corp., a California corporation; Henry Tran, an individual and dba West Coast Dentistry Dental Office of Dr. Henry Tran

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov