UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JABO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:21-cv-01479-AJB-AHG<br><br>**ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(Doc. No. 6)** |

Before the Court is Defendant the United States of America's motion to dismiss Plaintiff Christopher Jabo's Complaint for failure to exhaust administrative remedies. (Doc. No. 6.) The Court set a briefing schedule for the motion, directing that any opposition be filed by September 10, 2021. (Doc. No. 7.) Plaintiff did not file an opposition or otherwise respond to the United States' motion. Pursuant to Local Rule 7.1(d)(1), the Court deems this matter suitable for determination without oral argument and hereby **VACATES** the motion hearing date scheduled for November 4, 2021. For the reasons set forth below, the Court **GRANTS** the United States' motion to dismiss without prejudice.

## I.  BACKGROUND

On April 22, 2021, Plaintiff filed a Complaint alleging negligence in dental care against several defendants, including Vista Community Clinic ("VCC"), Shannon Lynn

Jardina, and Bridget Ann Maniscalco (hereafter the "United States" or "Federal Defendants"). On August 19, 2021, the Federal Defendants removed this case to federal district court and filed a motion requesting the Court to dismiss them as defendants and to substitute the United States as a defendant in their place. (Doc. Nos. 1, 2.) The Court granted the motion, and the United States subsequently filed the instant motion to dismiss. (Doc. No. 6.)

According to the United States, VCC was a federally supported community health clinic during the relevant periods of the Complaint and therefore receives tort protection under the Federal Tort Claims Act, 28 U.S.C. §§ 1342; 2670-2680 ("FTCA"). VCC received this federal support through the Department of Health and Human Services ("HHS"). The United States asserts that Plaintiff's case must be dismissed for lack of subject matter jurisdiction because he has failed to exhaust his administrative remedies with HHS before filing suit. Plaintiff filed no opposition.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows for a motion to dismiss where the court lacks subject-matter jurisdiction. Because "[f]ederal courts are courts of limited jurisdiction," a court "presume[s] that a cause [of action] lies outside this limited jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). No presumption of truthfulness attaches to the allegations of the plaintiff's complaint as the plaintiff bears the burden of establishing subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, the court must presume that it lacks jurisdiction until subject matter jurisdiction has been established. *Id.* A defense based on the lack of subject matter jurisdiction is never waived, and may be raised by any party at any time. *Attorneys Trust v. Videotape Computer Products, Inc.,* 93 F.3d 593, 594–95 (9th Cir. 1996).

### III.  DISCUSSION

The FTCA provides that an action against United States cannot be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied[.]" 28 U.S.C. § 2675(a). An administrative claim is denied either by a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim. *Id.*; *see also Anderson v. United States*, 803 F.2d 1520, 1522 (9th Cir. 1986). The claim filing requirement of the FTCA is jurisdictional in nature and cannot be waived. *Caldwater v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) (citation omitted). The jurisdictional limitation of Section 2675(a) has "no exceptions." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). Dismissal of a claim is appropriate when a plaintiff does not exhaust his administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Here, Plaintiff has not exhausted the FTCA's claims procedures. While Plaintiff filed an administrative tort claim with HHS on April 29, 2021, there appears to be no final disposition of that claim as of this date. (Doc. No. 6-1 at 2.) Moreover, Plaintiff filed no response to demonstrate anything to the contrary. The FTCA's procedural requirements are clear—"a tort claimant may not commence proceedings in court against the United States without first filing [his] claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." *Jerves*, 966 F.2d at 519. Plaintiff did not comply with this procedure. He improperly filed suit before receiving a denial of his claim from HHS or waiting for six months to elapse without a final decision on the claim being made. Consequently, the Court finds that Plaintiff has failed to exhaust his administrative remedies, and thus, **GRANTS** the United States' motion to dismiss. *See McNeil*, 508 U.S. at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit.").

## IV. CONCLUSION

As analyzed above, Plaintiff has failed to satisfy the jurisdictional prerequisite to pursuing an FTCA claim in federal court. Accordingly, the Court **GRANTS** the United States' motion and **DISMISSES** without prejudice the claims against it for lack of subject matter jurisdiction. Additionally, as there remains no claim over which the Court has original jurisdiction, there can be no pendent jurisdiction for the state law tort claims in Plaintiff's Complaint. *See Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 806 (9th Cir.2001).

As such, the Clerk of Court is **DIRECTED** to **VACATE** the motion hearing date scheduled for November 4, 2021, and **REMAND** the case to the Superior Court of California, County of San Diego to permit Plaintiff to pursue his state tort claims against the other defendants.

**IT IS SO ORDERED**.

Dated: October 4, 2021

Hon. Anthony J. Battaglia
United States District Judge